IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL JOHN NIKOLS,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER DIRECTING PREPARATION OF MORE THOROUGH AFFIDAVIT IN SUPPORT OF § 2255 MOTION<br><br><br><br>Case No. 2:06-cv-00889 |

In October 2005, this court sentenced Michael John Nikols after he pled guilty to a charge of conspiracy to distribute narcotics. On October 17, 2006, Mr. Nikols petitioned the court to vacate his sentence or to allow for the withdrawal of his guilty plea, pursuant to 28 U.S.C. § 2255. Mr. Nikols filed various exhibits in conjunction with a memorandum in support of his motion, but he did not swear to the truthfulness of the petition, the memorandum, or the exhibits and he filed no sworn statements in support of his factual allegations. The court, therefore, ordered Mr. Nikols to file a sworn statement setting forth "specific facts which he is in a position to establish by competent evidence."[1]  In its order, the court noted that mere generalizations are insufficient, as is hearsay evidence, because such evidence would be inadmissible at a hearing on

---

[1] *Dalli v. United States*, 491 F.2d 758, 761 (2d Cir. 1974).

the petition.[2]

In response to the court's order, the court has received Michael Nikols' affidavit in support of his § 2255 motion. This affidavit is simply a "boilerplate" affidavit that tersely asserts, "I have read and reviewed section two of the Memorandum entitled Statement of Facts, contained on pages two through thirteen of the Supporting Memorandum. I hereby swear, under penalty of perjury, that the Statement of Facts contained in section two of the memorandum are true and correct to the best of my knowledge."[3]

This affidavit is not sufficient for the court to proceed for two reasons. First, the boilerplate affidavit does not make clear which facts in the Statement of Facts are based on Mr. Nikols' own personal knowledge. For example, the Statement of Facts refers to the fact that the court had ordered a pre-plea sentencing guideline calculation at a hearing on September 30, 2005.[4] Yet the defendant was not, so far as the record reflects, present at this telephonic hearing. Mr. Nikols affidavit, in its current boilerplate form, does not make clear how (if ever) he learned of that statement and what effect (if any) it had on him.

Second, the boilerplate affidavit does not make clear how Mr. Nikols' affidavit statements, made under oath, fit with previous statements Mr. Nikols has made under oath. In particular, during the hearing at which Mr. Nikols pled guilty, he testified under oath[5] that he had not been pressured to plead guilty:

> Q   (By The Court) Now, I know there are some
>     promises made in this document, Mr. Nikols, but if we

---

[2] *Id.* at 760.

[3] Nikols Aff. 2 (Docket No. 14, Attach. 1) (numeric information omitted).

[4] Mem. in Supp. of Mot. to Vacate Sentence 9–10 (Docket No. 2).

[5] Hearing Oct. 18, 2005, Tr. 3 (Case No. 2:04-cr-786).

>   set those promises to the side for a minute, has anyone
>   promised you anything else to get you to plead guilty?
>   A    No, Your Honor.
>   Q    Has anyone threatened you or forced you to get
>   you to plead guilty?
>   A.   No, Your Honor.[6]

He also testified that he was fully satisfied with the performance of his attorneys:

>   Q    Are you fully satisfied with the representation
>   of your attorneys Mr. Chesnoff and Mr. Williams?
>   A    I am fully satisfied.[7]

It is unclear to the court how to reconcile Mr. Nikols' earlier sworn statements with the seemingly contradictory statements he wishes to attest to in the Statement of Facts. Therefore, a more detailed affidavit from Mr. Nikols is required to ensure that he truly intends to currently swear under oath to statements seemingly at odds with his earlier statements made under oath to the court.

For all these reasons, Mr. Nikols is directed to file with the court a more detailed affidavit explaining which of the relevant facts rest on his personal knowledge and how his current position squares with his earlier statements. Any such affidavit shall be filed within 45 days of the date of this order.

DATED this 27th day of March, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[6] *Id.* at 16–17.

[7] *Id.* at 17.