IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL JOHN NIKOLS,<br><br>Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER DENYING MOTION FOR SUMMARY JUDGMENT, GRANTING MOTION TO ORDER WAIVER OF PROTECTED COMMUNICATIONS, AND SETTING EVIDENTIARY HEARING<br><br><br><br>Case No. 2:06-cv-00889 |

In October 2005, this court sentenced Michael John Nikols after he pled guilty to a charge of conspiracy to distribute narcotics. On October 17, 2006, Mr. Nikols petitioned the court to vacate his sentence or to allow for the withdrawal of his guilty plea, pursuant to 28 U.S.C. § 2255. Various motions have since been filed by both sides and Mr. Nikols has supplemented his original filing with a more detailed affidavit support in his claims.

In light of the new affidavit, the court has determined an evidentiary hearing on his petition to be necessary, and sets a hearing for **November 7, 2006, at 2:00 p.m.** Also, the court grants the government's motion to order waiver of protected communications, finding such a waiver to be implied by Mr. Nikols' claims and to be necessary for fairness in the proceedings.

Finally, the court denies Mr. Nikols' motion for summary judgment because disputed issues of material fact remain.

## BACKGROUND

Mr. Nikols challenges the validity of his plea agreement and the sentence the court entered, pursuant to § 2255.  Among other things, Mr. Nikols alleges that the court improperly participated in and interfered with plea negotiations; that his plea was not knowing or voluntary; and that he was deprived of effective counsel.  Although Mr. Nikols filed a memorandum in support of his motion, supported by various exhibits, Mr. Nikols did not at first swear to the truthfulness of the petition, the memorandum, or the exhibits.  The court, therefore, ordered Mr. Nikols to file a sworn statement setting forth "specific facts which he is in a position to establish by competent evidence."[1]  On May 4, 2007, Mr. Nikols filed a detailed affidavit in support of his § 2255 motion.  The court then ordered the parties to brief the issue of the necessity of an evidentiary hearing and what such a hearing would involve.

In the meantime, the government filed a motion to order waiver of privileged communications between Mr. Nikols and his attorney, alleging such a waiver to be necessary to fairly challenge the factual allegations Mr. Nikols made in support of his § 2255 petition.  Mr. Nikols responded by asking for a protective order limiting the waiver.  Mr. Nikols then filed a motion for summary judgment with regard to his first claim of error — the court's allegedly improper participation in the plea negotiation process.  At issue in this order is the need for an evidentiary hearing, the motion to order waiver of Mr. Nikols' privileged communications, and Mr. Nikols' motion for summary judgment.

---

[1] *Dalli v. United States*, 491 F.2d 758, 761 (2d Cir. 1974).

**DISCUSSION**

### I.     Need for an Evidentiary Hearing

After reviewing the parties' briefs, the court finds it advisable to hold an evidentiary hearing in this case.  For one thing, in his affidavit, Mr. Nikols makes statements contradicting those he made under oath in open court.  As this makes it impossible to tell which of the conflicting sworn statements are true, it is necessary for Mr. Nikols to testify and for the government to have the opportunity to cross-examine him.

To clarify, the court anticipates only Mr. Nikols' testimony at this juncture.  If, after this evidentiary hearing involving Mr. Nikols, the court finds additional testimony necessary, the court will advise the parties.  In light of the parties' need to prepare for this hearing and the need to arrange for the transportation of Mr. Nikols from a Bureau of Prisons facility in California, the court sets the hearing for November 7, at 2:00 p.m.

### II.    Waiver of Privileged Communications

After Mr. Nikols filed his § 2255 petition, the government filed a motion to order waiver of privileged communications between Mr. Nikols and his attorney, David Chesnoff.  As grounds for the motion, the government points to Mr. Nikols' factual allegations, contained in his petition and its attachments, regarding communications between himself and Mr. Chesnoff.

The court finds Mr. Nikols has wholly waived his attorney-client privilege, as each of the issues Mr. Nikols raises in his petition are intertwined with his communications with Mr. Chesnoff.  For instance, with regard to the court's participation in the plea process, Mr. Nikols' allegations rest on Mr. Chesnoff's statements regarding the extensions of firm plea cut-off dates and the supposed pressure he felt to plead guilty.  Similarly, his claims about his inability to

move forward with a *Franks* hearing rest on alleged communications between Mr. Nikols and

Mr. Chesnoff regarding the *Franks* motion. Likewise, Mr. Nikols' allegations concerning the

voluntariness of his plea and the effectiveness of his counsel rest entirely on his assertions about

his communications with Mr. Chesnoff.

By centering his claims on coercion and ineffective assistance, Mr. Nikols has effectively

put all of his communications with Mr. Chesnoff at issue. It is simply impossible to accurately

assess such claims without a full record, particularly given Mr. Nikols' suggestion that his

defense counsel was essentially working against him. In other words, to allow Mr. Nikols to pick

and choose what statements from the attorney-client relationship he wishes to testify to (to the

exclusion of others) would be to allow him to slant the evidence. Only by looking at the entirety

of Mr. Nikols' and Mr. Chesnoff's interactions is it possible to assess such things as

coerciveness. For this reason, the government is entitled to broadly inquire into all

communications between Mr. Nikols and Mr. Chesnoff.

In response to the government's motion, Mr. Nikols has asked the court to impose a

protective order, limiting the scope of the waiver of privilege. The court understands the need to

impose a waiver only as broad as necessary to ensure the fairness of the proceedings before it.

But in this case, Mr. Nikols has effectively implicated *all* of the communications he had with Mr.

Chesnoff, so fairness correspondingly mandates that the government be allowed to explore all

communications. The court, therefore, denies Mr. Nikols request for a protective order in large

part. The court grants Mr. Nikols request for a protective order only insofar as it limits the use of

the privileged information to the United States Attorney's Office for the District of Utah and to

the Salt Lake District Attorney's Office for use in the pending 2255 motion and the underlying

criminal case connected with Mr. Nikols.  Such information shall be used for no other purpose

without further order from this court.

### III.      Motion for Summary Judgment

After Mr. Nikols' filed his § 2255 petition, Mr. Nikols also filed a motion for summary

judgment.  This motion deals exclusively with Mr. Nikols' first claim of error — the court's

allegedly inappropriate involvement in the plea negotiation process.  Mr. Nikols has objected to

the government's failure to oppose the motion for summary judgment, but the government

already opposed the claims in its earlier brief.  In its memorandum in opposition to Mr. Nikols' §

2255 petition, the government addressed these arguments — it need not address them twice.

The court finds it is unable to grant Mr. Nikols' motion for summary judgment at this

time, as material facts remain disputed.[2]  For instance, Mr. Nikols contends the plea cut-off

continuances the court provided harmed him, and greatly impacted his decision to plead guilty

and to forego his right to a trial.  But in its opposition to Mr. Nikols' petition, the government

contends that the changes in the plea cut-off dates had no impact on Mr. Nikols' decision to

plead guilty, as all of the extensions were at his own request or were beneficial to him.  This is

but one example of a material disputed fact that prevents summary judgment at this stage.

Consequently, the court must deny Mr. Nikols' motion for summary judgment.

### CONCLUSION

The court sets an evidentiary hearing for November 7, 2007, at 2:00 p.m., at which it

expects Mr. Nikols to testify, subject to cross-examination.  Additionally, the court GRANTS the

government's motion to order waiver of all of Mr. Nikols' privileged communications with Mr.

---

[2] *See* Fed. R. Civ. P. 56(c).

Chesnoff, finding Mr. Nikols' has waived his attorney-client privilege [#6].  But, the court also GRANTS Mr. Nikols' motion for a protective order in part — only insofar as it limits the use of any privileged material to this proceeding and the underlying criminal case by the United States Attorney's Office for the District of Utah and the Salt Lake District Attorney's Office [#8]. Finally, the court DENIES Mr. Nikols' motion for summary judgment at this time, as material issues of disputed fact remain [#16].

DATED this 13th day of July, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge